

## IN THE 36TH JUDICIAL CIRCUIT, BUTLER COUNTY, MISSOURI

| Judge or Division:<br>MICHAEL MARTIN PRITCHETT | Case Number: 21BT-CV01020 |
|---|---|
| Plaintiff/Petitioner:<br>TIFFANY FRASER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>LUKE MATTHEW HENSON<br>1165 Cherry Street<br>P.O. BOX 696<br>POPLAR BLUFF, MO  63902 |
| Defendant/Respondent:<br>TRACY SAMBO, MD ET AL | Court Address:<br>100 NORTH MAIN ST<br>POPLAR BLUFF, MO  63901 |
| Nature of Suit:<br>CC Pers Injury-Malpractice | |

(Date File Stamp)

### Summons in Civil Case

**The State of Missouri to:** POPLAR BLUFF HMA PHYSICIAN MANAGEMENT LLC
  Alias:

REGISTERED AGENT
CSC-LAWYERS INCORPORATING
221 BOLIVAR STREET
JEFFERSON CITY MO  65101

*COURT SEAL OF BUTLER COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____5/28/2021_____     _____M. Sorensen_____
Date                                 Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server        Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____    _____
                                  Date                Notary Public

**Sheriff's Fees, if applicable**
Summons                 $_____
Non Est                 $_____
Sheriff's Deputy Salary
Supplemental Surcharge  $___10.00___
Mileage                 $_____ (____ miles @ $.____ per mile)
Total                   $_____

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**EXHIBIT A**

STATE OF MISSOURI   )
                    )ss
COUNTY OF BUTLER    )

IN THE CIRCUIT COURT OF BUTLER COUNTY, MISSOURI

| | |
|---|---|
| TIFFANY FRASER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | )Case No. _____ |
| | ) |
| TRACY SAMBO, MD, | ) |
| | ) |
| SERVE: 578 Jupiter Road | ) |
| Camdenton, MO 65020 | ) |
| And | )JURY TRIAL DEMANDED |
| | ) |
| POPLAR BLUFF HMA PHYSICIAN | ) |
| MANAGEMENT, LLC, | ) |
| | ) |
| SERVE: Registered Agent | ) |
| CSC-Lawyers Incorporating | ) |
| 221 Bolivar Street | ) |
| Jefferson City, MO 65101 | ) |
| | ) |
| And | ) |
| | ) |
| POPLAR BLUFF REGIONAL MEDICAL CENTER, LLC, | ) |
| SERVE:CSC Lawyers Inc. Service Company | ) |
| 221 Bolivar Street | ) |
| Jefferson City, MO 65101 | ) |
| | ) |
| | ) |
| Defendants. | ) |

## PETITION

### ALLEGATIONS COMMON TO ALL COUNTS

COMES NOW Plaintiff, Tiffany Fraser, by and through counsel, Luke M. Henson of Kennedy, Kennedy, Robbins & Yarbro, LC attorneys and counselors at law, 1165

Cherry Street, Poplar Bluff, MO 63901 and for her cause of action against Defendants, states as follows:

1. Plaintiff Tiffany Fraser is a resident of the County of Butler, State of Missouri, currently residing at 1627 Spring Street, Apt. 11, Poplar Bluff, Missouri.

2. That at all times mentioned, Defendant Tracy Sambo, MD, ("Defendant Sambo") was a physician and surgeon in and about the Poplar Bluff and Butler County areas.

3. At all times relevant hereto, Defendant Sambo was a physician who held herself out to the public as having expertise in general surgery and was engaged in the practice of medicine, as an employee of Defendant Poplar Bluff HMA Physician Management, LLC.

4. Defendant Poplar Bluff Regional Medical Center, LLC, ("Defendant PBRMC") is a limited liability company organized under the laws of the State of Missouri, operating a hospital in Butler County, Missouri, providing health care services to individuals through its employees, said employees being directly compensated by Defendant PBRMC and/or supplied to Defendant PBRMC by a staffing entity, including, but not limited to, Tracy Sambo, M.D.

5. Defendant Poplar Bluff HMA Physician Management, LLC, ("Defendant HMA") is a limited liability company organized under the laws of the State of Missouri, providing health care services to individuals at Defendant PBRMC's Butler County Hospital through its employees.

6. That at all times mentioned Defendant Sambo acted both in her individual capacity and as the agent, servant and/or employee of Defendants PBRMC and HMA.

7. Venue is proper in the Circuit Court of Butler County pursuant to RSMo. §508.010, as the events that gave rise to this lawsuit occurred in Butler County, Missouri.

8. At all times relevant hereto, Defendant PBRMC's employees, including Defendant Sambo, other doctors, nurses and personnel, provided health care services to Plaintiff within the course and scope of their employment with Defendant PBRMC.

9. On or about May 17, 2019, Plaintiff presented to the office of Defendant Sambo complaining of recurrent right upper quadrant pain, and was diagnosed with chronic cholecystitis and gallstones.

10. On or about May 30, 2019, Plaintiff underwent a laparoscopic cholecystectomy performed by Defendant Sambo.

11. On or about May 30, 2019, Plaintiff presented to Defendant PBRMC's Emergency Department complaining of severe post-surgical abdominal pain.

12. On or about June 5, 2019, Plaintiff presented to her primary care physician complaining of severe pain located in the epigastric area, further complaining that she was only able to tolerate small amounts of food before having worsening pain.

13. On or about June 6, 2019, Plaintiff presented to Defendant PBRMC's Emergency Department complaining of severe post-surgical abdominal pain and substernal tightness.

14. On or about June 7, 2019, Plaintiff presented to Defendant Sambo's office complaining of increasing, sharp, right upper quadrant pain, anorexia and nausea. At this time, she was admitted to Defendant PBRMC.

15. On or about June 7, 2019, Plaintiff consulted with the Gastroenterologist on staff at PBRMC, and was diagnosed with a common bile duct leak.

16. On or about June 8, 2019, Plaintiff was transferred to Barnes Jewish Hospital in St. Louis, Missouri, where she remained under the care of Dr. Ryan Courtney Fields until her discharge on June 12, 2019.

17. While in Barnes Jewish Hospital, a bilious drain and pelvic drain were placed to drain biliary fluid from her abdomen and Plaintiff was placed on oral and IV fluids for rehydration. She was discharged with a pelvic biloma drain and was referred to home health care for help with wound and ostomy care.

18. On or about June 20, 2019, Plaintiff underwent a diagnostic angiography with embolization of bleeding pseudoaneurysms of the hepatic artery around the periphery of her biloma, exchange of the existing biliary drainage catheter, and removal of the existing pelvic drainage catheter. She was admitted for observation, and after receiving multiple units of blood, was discharged on June 22, 2019.

19. On or about July 8, 2019, Plaintiff followed up with her Hepatobiliary Surgery team at Barnes Jewish Hospital complaining of nausea, weight loss, episodes of shortness of breath, episodes of palpitations, blood in stool and constipation. Plaintiff was found to be in renal failure and was admitted. Upon Nephrology consult with Dr. Andy Chuu, Plaintiff was diagnosed with Hyponatremia, Hypercalcemia,

Hyperkalemia and High Anion Gap Metabolic Acidosis (HAGMA). Plaintiff was treated with IV fluids and continuation of her bilious drains. She was discharged on July 11, 2019, after placement of a Hohn catheter to facilitate administration of replacement IVF at home every other day to keep up with her bilious losses.

20. Plaintiff underwent Interventional Radiology procedures on July 26, 2019, and August 12, 2019, to exchange her bilious drains.

21. On August 12, 2019, Plaintiff followed up with Dr. Ryan Courtney Fields to further assess her condition, and schedule repair of Plaintiff's E2 bile duct injury.

22. On or about September 11, 2019, Plaintiff underwent a Roux-en-Y procedure or hepaticojejunostomy at Barnes Jewish Hospital, performed by Dr. Ryan Courtney Fields. She remained inpatient at Barnes Jewish Hospital until her discharge on September 16, 2019.

23. On or about October 11, 2019, Plaintiff had her last drain removed by Interventional Radiology.

## COUNT I

### MEDICAL NEGLIGENCE AGAINST ALL DEFENDANTS

COMES NOW Plaintiff, Tiffany Fraser, and for Count I of her Petition, states as follows:

24. Plaintiff hereby re-alleges and incorporates by referenced the allegations set forth in paragraphs 1-23 as though fully set forth herein.

25. In entering into a patient relationship with Plaintiff, there was a foreseeable likelihood that Defendants, by and through their employees, acts or omissions in

providing health care services could cause Plaintiff harm or injury, thereby placing a duty upon Defendants to use such care in their undertaking to treat Plaintiff as would a reasonably prudent health care provider under similar circumstances.

26. Beginning on or about May 30, 2019, Defendants breached said duty to use such care as would a reasonably prudent health care provider under similar circumstances, in that:

    a. Defendants failed to properly perform surgery on Plaintiff on May 30, 2019, by injuring and damaging her ductal system;

    b. Defendants failed to recognize that they had improperly performed surgery on May 30, 2019;

    c. Defendants lied to the subsequent treating surgeon at Barnes Jewish Hospital, stating they use paper charts and have lost the operative report that Barnes had requested;

    d. Defendants failed to timely diagnose and properly treat the injured and damaged ductal system during the improperly performed surgery on May 30, 2019;

    e. Defendants failed to properly identify and protect internal structures, including but not limited to, the ductal system and surrounding structures during the surgery of May 30, 2019;

    f. Defendants cut, perforated and damaged the ductal system during the surgery of May 30, 2019;

Electronically Filed - Butler - May 27, 2021 - 04:12 PM

    g. Defendants failed to do an intraoperative cholangiogram to identify Plaintiff's anatomy so as to not damage the ductal system and surrounding structures;

    h. Defendants failed to follow the critical view of safety;

    i. Defendants improperly clipped structures following the injury to the ductal system and surrounding structures;

    j. Defendants failed to completely identify Plaintiff's anatomy before placing one or more surgical clips or take into account the damaging effects of the clip placement;

    k. Defendants failed to provide Plaintiff with proper and complete informed consent prior to the May 30, 2019, surgery, including but not limited to failure to inform Plaintiff that a patient had died approximately two months before at the hands of Defendant Sambo performing the same or similar procedure.

27. As a direct and proximate result of Defendants' failure to use such care as would a reasonably prudent health care provider, Plaintiff was caused to undergo additional medical procedures, incur medical expenses for the same, lose enjoyment of life, suffer lost wages, and otherwise suffered personal injury.

28. Defendants' conduct was intentional, willful, outrageous, reckless, and in wanton disregard for the rights of Plaintiff.

29. Plaintiff is entitled to punitive damages for Defendants' conduct as are fair and reasonable.

WHEREFORE, Plaintiff prays this Court enter Judgment in her favor and against Defendant Tracy Sambo, MD, joint and severally with all remaining Defendants, in an amount in excess of the jurisdictional thresholds of this Court, and for any other and further relief as the Court deems just and proper under the premises.

## COUNT II
## NEGLIGENT CREDENTIALING

COMES NOW Plaintiff, Tiffany Fraser, and for her claims and causes of action against Defendants PBRMC and HMA, states as follows:

30. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1-29 as though fully set forth herein.

31. Upon information and belief, on March 28, 2019, Defendant Sambo performed a laparoscopic cholecystectomy on patient Linda Haislip at Defendant PBRMC and during said procedure severed one of Mrs. Haislip's arteries, causing her to lose between one and half to two and a half liters of blood, and pass away from those injuries.

32. That Defendants PBRMC and HMA knew of the surgical death that occurred just 63 days before Plaintiff's laparoscopic cholecystectomy performed by Defendant Sambo and should have taken actions to assure the surgical competency of Defendant Sambo before allowing her to perform further procedures and in particular the same type of surgery subsequently performed on Plaintiff.

33. That Defendants PBRMC and HMA possessed a duty to properly investigate and determine the competence of Defendant Sambo in allowing her surgical

Electronically Filed - Butler - May 27, 2021 - 04:12 PM

privileges and to disallow such privileges, should Defendant Sambo be found not to be competent to perform laparoscopic cholecystectomies.

34. Defendants PBRMC and HMA also bore the responsibility to protect and otherwise warn patients such as Plaintiff of information they possessed regarding Defendant Sambo with her incompetency in performing laparoscopic cholecystectomies whose actions lead to the death of a patient during surgery 63 days prior.

35. That Defendants PBRMC and HMA had a duty to review Defendant Sambo's credentials and background through the hospital's application process before granting her continuing surgical and staff privileges following Linda Haislip's death.

36. That Defendants PBRMC and HMA had a duty to periodically review the reappointment and continuing surgical privileges of Defendant Sambo especially after the death of Linda Haislip on March 28, 2019.

37. Defendants PBRMC and HMA acting through their staff were negligent, *inter alia*:

> a. Failing in their duty to select and retain competent physicians and surgeons seeking staff privileges, and investigate same, specifically Defendant Sambo;
>
> b. Granting staff privileges to Defendant Sambo and continuing those surgical privileges after the death of Linda Haislip, by failing to perform an adequate investigation and ignoring facts uncovered by its investigation;

   c. In granting staff and surgical privileges to Defendant Sambo or failing to restrict or limit those privileges after the death of Linda Haislip by failing to perform an adequate investigation and ignoring facts uncovered by its investigation;

   d. Failing to warn Plaintiff that Defendant Sambo was lacking in competence to perform a laparoscopic cholecystectomy on her and otherwise allowing Defendant Sambo to treat Plaintiff and causing her injury as stated herein;

38. As a direct and proximate result of the negligence, carelessness, and reckless disregard of Defendants PBRMC and HMA, Plaintiff was seriously and painfully injured.

WHEREFORE, Plaintiff prays this Court enter Judgment in her favor and against Defendants PBRMC and HMA, joint and severally with all remaining Defendants, in an amount in excess of the jurisdictional thresholds of this Court, and for any other and further relief as the Court deems just and proper under the premises.

Respectfully submitted,

KENNEDY, KENNEDY, ROBBINS & YARBRO, LC

/s/ Luke M. Henson
Luke M. Henson          #68512
1165 Cherry Street
P. O. Box 696
Poplar Bluff, MO 63902
Telephone:  (573) 686-2459
Telefax:       (573) 686-7822
luke@kkrylawfirm.com

ATTORNEY FOR PLAINTIFF



**Your Missouri Courts**

Search for Cases by: Select Search Method...

| Judicial Links | eFiling | Help | Contact Us | Print | GrantedPublicAccess  Logoff JBLANTON60 |

**21BT-CV01020 - TIFFANY FRASER V TRACY SAMBO MD ET AL (E-CASE)**

FV  File Viewer | Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries: ○ Descending  ● Ascending   Display Options: All Entries

---

**05/27/2021**  ☐ Judge Assigned
☐ **Pet Filed in Circuit Ct**
Petition.
 **Filed By:** LUKE MATTHEW HENSON
 **On Behalf Of:** TIFFANY FRASER

☐ Filing Info Sheet eFiling
 **Filed By:** LUKE MATTHEW HENSON

**05/28/2021**  ☐ Case Review Scheduled
 Scheduled For: 11/22/2021;  9:00 AM ;  MICHAEL MARTIN PRITCHETT;  Butler

☐ **Summons Issued-Circuit**
Document ID: 21-SMCC-153, for SAMBO, MD, TRACY. SUMMONS ATTACHED IN PDF FORM FOR ATTORNEY TO RETRIEVE FROM SECURE CASE NET TO OBTAIN SERVICE.

☐ **Summons Issued-Circuit**
Document ID: 21-SMCC-154, for POPLAR BLUFF HMA PHYSICIAN MANAGEMENT LLC. SUMMONS ATTACHED IN PDF FORM FOR ATTORNEY TO RETRIEVE FROM SECURE CASE NET TO OBTAIN SERVICE.

☐ **Summons Issued-Circuit**
Document ID: 21-SMCC-155, for POPLAR BLUFF REGIONAL MEDICAL CENTER LLC. SUMMONS ATTACHED IN PDF FORM FOR ATTORNEY TO RETRIEVE FROM SECURE CASE NET TO OBTAIN SERVICE.

**07/14/2021**  ☐ **Affidavit Filed**
Affidavit of Attorney as to Defendant Tracy Sambo.
 **Filed By:** LUKE MATTHEW HENSON

☐ **Affidavit Filed**
Affidavit of Attorney as to Defendant HMA Physician Management.
 **Filed By:** LUKE MATTHEW HENSON

☐ **Affidavit Filed**
Affidavit of Attorney as to Defendant Poplar Bluff Regional Medical Center.
 **Filed By:** LUKE MATTHEW HENSON
 **On Behalf Of:** TIFFANY FRASER

**09/07/2021**  ☐ Notice of Service
SUMMONS 21-SMCC-153 NON-EST
 **Filed By:** LUKE MATTHEW HENSON

☐ **Alias Summons Requested**
Request for Issuance of Alias Summons.
 **Filed By:** LUKE MATTHEW HENSON
 **On Behalf Of:** TIFFANY FRASER

☐ **Summons Returned Non-Est**
Document ID - 21-SMCC-153; Served To - SAMBO, MD, TRACY; Server - CAMDEN COUNTY CIRCUIT COURT; Served Date - 02-SEP-21; Served Time - 14:30:00; Service Type - Sheriff Department; Reason Description - Non-est

**09/08/2021**  ☐ **Answer Filed**
Answer of Defendant Poplar Bluff Regional Medical Center, LLC; Electronic Filing Certificate of Service. Forwarded to Judge for review. jv
 **Filed By:** MICHAEL D. MURPHY

☐ **Motion to Strike**
Forwarded to Judge for review. jv
 **Filed By:** MICHAEL D. MURPHY

☐ **Motion for Change of Venue**
Application for Change of Venue; Electronic Filing Certificate of Service. Forwarded to Judge for review. jv
 **Filed By:** MICHAEL D. MURPHY

**On Behalf Of:** POPLAR BLUFF REGIONAL MEDICAL CENTER LLC

| | | |
|---|---|---|
| **09/09/2021** | ☐ | **Judge/Clerk - Note** |
| | | Court reviews Answer Of Defendant Poplar Bluff Regional Medical Center, LLC. MMP/cp |
| | | **Filed By:** MICHAEL MARTIN PRITCHETT |
| | ☐ | **Judge/Clerk - Note** |
| | | Court reviews Motion To Strike Or Dismiss Plaintiff's Punitive Damage Allegations And Memorandum Of Applicable Law Re Same. MMP/cp |
| | | **Filed By:** MICHAEL MARTIN PRITCHETT |
| | ☐ | **Judge/Clerk - Note** |
| | | Court reviews Application For Change Of Venue. MMP/cp |
| | | **Filed By:** MICHAEL MARTIN PRITCHETT |

Privacy - Terms